IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Carolyn James, Individually and as** § <br> **"Next Friend" of Mary Olive Calkins** § <br> vs. § <br> **Richard Stephen Calkins, Trustee of** § <br> **the Mary Olive Calkins 2007** § <br> **Revocable Trust & Individually,** § <br> vs. § <br> **Carolyn James, Phillip C. Strauss,** § <br> **Maurice Bresenhan, Jr.,** § <br> **Michael James Wood a/k/a "Mike** § <br> **Wood," Christine Riddle Butts,** § <br> **Guy Herman, Ann P. Greene in her** § <br> **individual and employee capacity** § <br> **for Harris County, Texas, Harris** § <br> **County, Texas, and Ken Paxton,** § <br> **Attorney General of the State of** § <br> **Texas in his Official Capacity, only** § | **Case 4:16-CV-01910** <br> **Senior Judge, David Hittner** |

**UNOPPOSED MOTION FOR LEAVE TO WITHDRAW AS CO- COUNSEL**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Candace Schwager, moves for leave of court to withdraw as co-counsel for Richard Calkins pursuant to Rule 3.08 Tex. R. Prof Conduct., the "lawyer as a witness" prohibition, and in support she would show as follows:

**I. LAWYER AS A WITNESS RULE**

1.   Tex. Disc. Rules of Prof. Conduct, Rule 308 states in part:

(a) A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish

1

an essential fact on behalf of the lawyer's client, unless:

(1) The testimony relates to an uncontested issue:
(2) The testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;

(3) The testimony relates to the nature and value of legal services rendered in the case;

(4) The lawyer is a party to the action and is appearing *pro se*; or

(5) The lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client.

Thus, the testimony of Schwager will be pivotal in the case at hand as regards to what she witnessed, and in her many unpleasant interactions with Guy Herman before the Texas Legislature which this Court can see on YouTube with regards to the unconstitutionality of HB 1438, an issue before this Court.

2.  In turning to the Texas Disciplinary Rules of Professional Conduct, the Court should see that they are mandatory in nature because they establish a minimum level of conduct below which no lawyer can fall, and thereby impose a mandatory duty upon this Court to enforce them. *United Pacific Insurance Co. v. Zardenetta*, 661 S.W.2d 244, 249 (Tex. App.– San Antonio 1983 (original proceeding). Furthermore, the rules governing the State Bar of Texas have the same force and legal effect upon the matters to which they relate, as do the Texas Rules of Civil Procedure upon the matters to which they relate. *Cochran v. Cochran*, 333 S.W.2d 635, 640 (Tex. Civ.

App.– Houston 1960, writ ref'd n.r.e.). Moreover, since the Disciplinary Rules have the legal force of law, there is little choice to be made here in applying the law. *Ex Parte Hightower*, 877 S.W.2d 17, 20 (Tex. App. – Dallas 1994, writ dism'd w.o.j.).

3.  The Texas Supreme Court, in *Mauze v. Curry*, 861 S.W.2d 869 (Tex. 1993), specifically held that there is a mandatory duty imposed upon a trial court to disqualify an attorney-witness or the attorney must withdraw when his testimony will not fall within one of the five exceptions to Rule 308(a), Texas Disciplinary Rules of Professional Conduct. In *Warrilow v. Norrell*, 791 S.W.2d 515, 519-520 (Tex. App. – Corpus Christi 1989, writ denied) the Court explained the reasoning of their decision, as follows: [1],

> "Unquestionably a principal ethical consideration underlying this Disciplinary Rule is that the attorney-witness is put in the unseemly position of arguing his own credibility. An adversary is harmed if the role of trial counsel makes the lawyer too effective as a witness; the trier of fact may be dazzled by his performance as an advocate, and thus give undue credence to his words from the witness stand. **A party is prejudiced when opposing counsel acts as both advocate and witness, and this conduct becomes intolerable when the attorney-witness fails to show that he has attempted to contact others who might act as a witness and found them lacking in knowledge.**"

There exists a broad concern for public confidence in the administration of justice – **'justice must satisfy the appearance of justice'**.

---

[1] The Texas Supreme Court adopted in *Mauze* the holding of the *Warrilow* Court.

The *Warrilow* Court went on to state:

**"The practice of attorneys furnishing from their own lips and on their own oaths the controlling testimony for their client is one not to be condoned by judicial silence; nothing short of actual corruption can more surely discredit the profession."**

4. Because Schwager is a witness to what promises to be a hotly contested issue of fact, she obligated to withdraw, and does so now before anyone raises it as a complete sign of respect for this Judge, and the United States District Court.

**WHEREFORE, PREMISES CONSIDERED**, Counsel moves for leave of Court to withdraw as co-counsel.

Respectfully Submitted,

*/ S/ Candace Schwager*
SBN 24005603
Schwager Law Firm
1417 Ramada Dr.
Houston, Texas 77062
T:  832.315.8489
F:  832.514.4738
candiceschwager@icloud.com

CERTIFICATE OF CONFERENCE
I certify that on August 26th 2016, Susan Norman sent out an email to all lead counsel to inquire about opposition to this motion, and that as of the time of this filing, no one had objected to my withdrawal.
/s/ Candace Schwager

5

## CERTIFICATE OF SERVICE

On this the 26th day of August, 2016, I certify that I have served all lead counsel with this document by electronic service.

      /S/ *Candace Schwager*