United States District Court
Southern District of Texas
**ENTERED**
September 28, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAROLYN JAMES, | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | Civil Action No. H-16-1910 |
| | § | |
| RICHARD STEPHEN CALKINS, | § | |
| | § | |
| Defendant/Third-Party | § | |
| Plaintiff, | § | |
| | § | |
| PHILLIP CALKINS STRAUSS, *et al.* | § | |
| | § | |
| Third-Party Defendants. | § | |

## ORDER

Pending before the Court are Third-Party Defendant Guy Herman's Motion to Dismiss & Motion for Judgment on the Pleadings, Both Regarding Calkins's Amended Complaint (Document No. 45), Bresenhan's Motion to Dismiss (Document No. 47), Third-Party Defendant Michael Wood and Third-Party Defendant Christine Butts's 2nd Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6) and Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (Document No. 48), Plaintiff and Counter-Defendant Carolyn James's Motion to Dismiss Pursuant to Rule 12(b)(1) and Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (Document No. 53), and Third-Party Defendant Ann Greene's Motion to Dismiss and Motion for Judgment on the Pleadings (Document

No. 66). Having considered the motions, submissions, and applicable law, the Court determines the motions should be granted.

## I. BACKGROUND

This case arises out of a dispute between siblings Plaintiff/Counter-Defendant Carolyn James ("James") and Defendant/Third-Party Plaintiff Richard Stephen Calkins ("Calkins") over the rights to manage the assets of their now-deceased mother, Mary Olive Calkins (the "Decedent"). James alleges that, in 2007, Calkins fraudulently induced the incapacitated Decedent to sign multiple documents (the "Disputed Documents") that granted Calkins a power of attorney over the Decedent's affairs, designated Calkins as the Decedent's guardian, named Calkins the sole executor of the Decedent's estate, and created a trust that contained the deed to the Decedent's house and named Calkins and the Decedent as co-trustees. Based on these allegations, on December 29, 2008, James filed this lawsuit (the "Pending Lawsuit") against Calkins in the 61st District Court of Harris County, Texas, asserting claims for breach of fiduciary duty, fraud, fraudulent inducement, conversion, tortious interference with a familial relationship, undue influence, and violations of the Texas Theft Liability Act. James also seeks a declaratory judgment relating to the validity of the Disputed Documents.

Since the Pending Lawsuit was filed, there have been multiple separate lawsuits filed in various district and probate courts related to James and Calkins's

dispute over control of the Decedent's assets. Relevant to the pending motions, in 2015, James filed a separate application in a state probate court (the "Probate Case"), seeking to admit a will that was allegedly executed by the Decedent prior to the execution of the Disputed Documents. The Probate Case was allegedly first assigned to Probate Judge Christine Riddle Butts ("Judge Butts") but was later transferred by Presiding Probate Judge Guy Herman ("Judge Herman") to Probate Judge Michael James Wood ("Judge Wood"). Calkins alleges that Judge Herman, Judge Wood, and Judge Butts (collectively, the "Judges") colluded to ensure the Probate Case was wrongfully transferred to Judge Wood. Calkins also alleges that Associate Probate Judge and Staff Attorney Ann Greene ("Greene") wrongly appointed Maurice Bresenhan ("Bresenhan") as an administrator in the Probate Case.

Based on these allegations and others, beginning on May 18, 2016, Calkins filed multiple amended petitions in the Pending Lawsuit, ultimately joining the Judges, Greene, and Bresenhan (collectively, the "Defendants") to the Pending Lawsuit and asserting claims against the Defendants and James pursuant to 42 U.S.C. § 1983 ("§ 1983"). Calkins also challenges the constitutionality of certain 2015 legislative changes to Texas laws that establish recusal procedures for Texas judges ("H.B. 1438"). On June 29, 2016, Judge Herman removed the Pending Lawsuit to this Court. On August 24, 2016, Calkins filed an amended complaint—

the live pleading—in this Court that asserts the same claims pursuant to § 1983 against the Defendants and James. Between September 12, 2016, and October 10, 2016, the Defendants and James each moved to dismiss Calkins's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II.  STANDARD OF REVIEW

Motions filed pursuant to Rule 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court. FED. R. CIV. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Id.* "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Home Builders Ass'n of Miss.*, 143 F.3d at 1010.

### III.  LAW & ANALYSIS

Calkins asserts the following claims pursuant to § 1983: (1) a constitutional challenge to H.B. 1438 against Judge Herman; and (2) individual claims against the Defendants and James for violating and conspiring to violate Calkins's constitutional rights. The Judges move to dismiss Calkins's claims against them pursuant to Rule 12(b)(1), contending (1) the Judges have judicial immunity from suit; and alternatively; (2) Calkins lacks standing. Greene moves to dismiss Calkins's claims against her pursuant to Rule 12(b)(1), contending (1) she has derived judicial immunity from suit; and alternatively (2) Calkins lacks standing. Bresenhan and James move to dismiss Calkins's claims against them pursuant to Rule 12(b)(1), contending Calkins lacks standing. The Court first addresses Calkins's constitutional challenge to H.B. 1438, then turns to Calkins's remaining claims.

*A.     Calkins's Constitutional Challenge to H.B. 1438*

Calkins brings facial and as-applied constitutional challenges to H.B. 1438 against Judge Herman, seeking an injunction of H.B. 1438 and a declaratory judgment that H.B. 1438 is unconstitutional. Judge Herman contends (1) he has judicial immunity from Calkins's challenge of H.B. 1438; and (2) Calkins lacks standing. As an initial matter, "judicial immunity does not bar claims for injunctive or declaratory relief in civil rights actions." *Johnson v. Bigelow*, 239 F. App'x 865,

5

865–66 (5th Cir. 2007). Judge Herman is therefore not immune from Calkins's constitutional challenge of H.B. 1438 because Calkins seeks only declaratory and injunctive relief.

The Court thus turns to Judge Herman's alternative contention that Calkins lacks standing to challenge H.B. 1438. Article III standing requires a plaintiff show (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be addressed by a favorable decision. *Okpalobi v. Foster*, 244 F.3d 405, 425 (5th Cir. 2001). "In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). Further, the controversy may not be "conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Id.* "A plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." *Babbit v. Farm Workers*, 442 U.S. 289, 298 (1978).

H.B. 1438 modified the recusal procedure for Texas probate judges by repealing multiple provisions of Texas Government Code § 25.00255 (as modified

by H.B. 1438, "The Recusal Statute"). The Recusal Statute gave Judge Herman, as the presiding probate judge, the authority to transfer the Probate Case to Judge Wood. In support of Calkins's as-applied challenge of H.B. 1438, Calkins alleges "H.B. 1438, as passed into law, can be traced back to [Judge Herman], and . . . it was passed to directly harm Calkins and others similarly situated for the exercise of their rights under the United States Constitution."[1] In support of Calkins's facial challenge of H.B. 1438, Calkins alleges H.B. 1438 was "actually written by [Judge Herman] at the time that [Judge Herman] held a judicial position . . . , an act that on its face violates the separation of powers doctrine.[2] Liberally construed, the only injury Calkins's amended complaint alleges in connection with H.B. 1438 is that, pursuant to the Recusal Statute, Judge Herman transferred the Probate Case to Judge Wood. Calkins further alleges that Judge Wood did not have subject matter jurisdiction over the Probate Case and "exercised his authority in a corrupt

---

[1] *Calkins's Amended Complaint for Declaratory, Injunctive, and Monetary Relief*, Document No. 30, ¶ 27.

[2] *Calkins's Amended Complaint for Declaratory, Injunctive, and Monetary Relief*, Document No. 30, ¶ 9. In a filing titled "Notice of Constitutional Challenge," Calkins also, for the first time, contends H.B. 1438 violates the Equal Protection Clause of the Fourteenth Amendment. *See Notice of Constitutional Challenge*, Document No. 55 at 2. However, Calkins does not describe in any way how H.B. 1438 violates the Equal Protection Clause. Calkins therefore lacks standing to challenge H.B. 1438 based on the Equal Protection Clause. Accordingly, Calkins constitutional challenge of H.B. 1438 based on the Equal Protection Clause is dismissed.

manner," resulting in the allegedly wrongful appointment of Bresenhan as administrator without notice to Calkins.[3]

Accepting these allegations as true, the causal chain between H.B. 1438 and Calkins's alleged injuries is too attenuated to establish Calkins's standing to challenge H.B. 1438. Calkins complains of Judge Herman's transferring the Probate Case to Judge Wood pursuant to the Recusal Statute. However, even absent H.B. 1438, the Probate Case still may have been transferred to Judge Wood. Calkins does not allege that enjoining H.B. 1438 would remove the case from Judge Wood's court. Further, the Probate Case is not pending in front of Judge Herman. Thus, any likelihood that Judge Herman will cause future injury is speculative. *See Bauer*, 341 F.3d at 358 ("This court has often held that plaintiffs lack standing to seek prospective relief against judges where the likelihood of future encounters is speculative."). Calkins therefore does not have standing to bring a facial or as-applied constitutional challenge to H.B. 1438. Accordingly, Judge Herman's motion to dismiss Calkins's facial and as-applied challenge of H.B. 1438 is granted.

---

[3] *Calkins's Amended Complaint for Declaratory, Injunctive, and Monetary Relief*, Document No. 30, ¶¶ 39, 57.

B.      *Calkins's Individual § 1983 Claims*

Calkins brings individual claims against the Defendants and James for violating and conspiring to violate Calkins's constitutional rights. The Defendants and James each move to dismiss Calkins's claims. The Court first addresses the claims against the Judges, then turns to the remaining claims.

1.      *Calkins's Individual Claims Against the Judges*

Calkins brings claims for damages pursuant to § 1983 against the Judges for violating and conspiring to violate Calkins's constitutional rights. The Judges contend they have judicial immunity from Calkins's § 1983 claims. "Judicial officers are immune from liability for damages resulting from their activities in the course and scope of their judicial function." *Hagerty v. Succession of Clement*, 749 F.2d 217, 221 (5th Cir. 1984). Judicial immunity "is an absolute defense in a suit challenging a ruling or order of a court under [§ 1983]." *Id.* Calkins contends Judge Herman violated his constitutional rights by (1) urging Judge Butts to recuse from, and later retake, the Probate Case; and (2) transferring the Probate Case to Judge Wood. Calkins contends Judge Butts violated his constitutional rights by recusing from the Probate Case and forwarding the case to Judge Herman to assign to a new judge. Calkins contends Judge Wood violated his constitutional rights by accepting the Probate Case and exercising his authority over the Probate Case.

The Court finds all of these alleged actions, even if true, are actions normally taken by a probate judge and are thus activities within the scope of the Judges' judicial function.[4] *See James v. Underwood*, 438 S.W.3d 704, 411 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (recognizing that "ruling on motions to recuse," "replacing a disqualified judge," and "presiding over a probate matter" are actions "normally taken by probate judge."). The Judges therefore have judicial immunity from Calkins's § 1983 claims against them for violating and conspiring to violate Calkins's constitutional rights. Accordingly, the Judges' motions to dismiss Calkins's claims are granted.[5]

---

[4] Calkins alleges the Judges lacked subject matter jurisdiction over the Probate Case and therefore are not immune from suit. Calkins relies on the exception to judicial immunity which states that a judge is not immune from suit when he acts "in the absence of all jurisdiction." *Henzel v. Gerstein*, 608 F.2d 654, 657–58 (5th Cir. 1979). However, the so-called "clear absence of all jurisdiction" exception "refers to situations in which a judge acts purely in a private and non-judicial capacity." *Id.* The exception does not apply when a judge, otherwise acting in a judicial capacity, is alleged to lack subject matter jurisdiction over a case. *See Harry v. Lauderdale County*, 212 F. App'x 344, 347 (5th Cir. 2007). The exception does not therefore apply.

[5] Calkins contends that, because the Judges removed the case, 28 U.S.C. § 1447(c) requires the Court to remand the claims against the Judges rather than dismiss Calkins's claims based on lack of subject matter jurisdiction. *Calkins's Response to the Second Motions to Dismiss of Guy Herman, Christine Riddle Butts, and Michael James Wood, a/k/a/ Mike Wood, and Response to Their Attack on Calkins's Counsel*, Document No. 59, ¶¶ 5, 6. However, "the Fifth Circuit embraces the futility-exception doctrine, under which the district court may dismiss, rather than remand, an action if remand would be futile because the court to which the action would be remanded would itself lack jurisdiction." *In re Halo Wireless, Inc.*, 872 F. Supp. 2d 558, 563 (W.D. Tex. 2012) (Yeakel, J.) (citing *Nolan v. Boeing Co.*, 919 F.2d 1058 (5th Cir. 1990)). The Court finds that, in light of the Judges' absolute immunity from suit and Calkins's lack of standing to challenge H.B. 1438, remand of the claims against the Judges is futile and dismissal is appropriate.

2.    *Calkins's Individual Claims Against the Remaining Defendants*

Calkins also brings claims for damages pursuant to § 1983 against Greene, Bresenhan, and James for violating and conspiring to violate Calkins's constitutional rights. The Court first addresses Calkins's claims against Greene, then turns to Calkin's claims against Bresenhan and James.

i.    *Calkins's Claims Against Greene*

Calkins contends Greene violated and conspired to violate Calkins's constitutional rights by appointing Bresenham as the administrator of the Probate Estate without giving Calkins notice or an opportunity to be heard.[6] Calkins also seeks to enjoin Greene's alleged "policy of conducting secret hearings in secret tribunals, and from locking the doors to keep the public out of the court rooms"[7] Greene contends (1) she has judicial immunity derived from being an officer of Judge Wood; and alternatively; (2) Calkins lacks standing.

As to Calkins' claims for damages, "[w]hen judges delegate their authority or appoint others to perform services for the court, the judge's absolute immunity may extend to his or her delegate or appointee." *In re: Brown Med. Ctr.*, 552 B.R. 165, 173 (S.D. Tex. 2016) (Harmon, J.) (quoting *McPeters v. LexisNexis*, 11 F.

---

[6] *Calkins's Amended Complaint for Declaratory, Injunctive, and Monetary Relief*, Document No. 30, ¶ 43.

[7] *Calkins's Amended Complaint for Declaratory, Injunctive, and Monetary Relief*, Document No. 30, ¶ 43 n.17.

Supp. 3d 789, 792 (S.D. Tex. 2014) (Ellison, J.)). "Once an individual is cloaked with derived judicial immunity because of a particular function being performed for a court, every action taken with regard to that function—whether good or bad, honest or dishonest, well-intentioned or not—is immune from suit." *Id.* (quoting *Davis v. West*, 317 S.W.3d 301, 307 (Tex. App.—Houston [1st Dist.] 2001, reh'g denied). Calkins does not dispute that, in appointing Bresenhan, Greene was acting as an associate judge under authority delegated to her by Judge Wood.[8] Calkins does not otherwise specify *how* Greene conspired to violate Calkins's constitutional rights. Greene is thus protected by derived judicial immunity from Calkins's § 1983 damages claims against her for violating and conspiring to violate Calkins's constitutional rights.

As to Calkins claim against Greene for injunctive relief, as discussed *supra* Part III.A., judicial immunity does not apply. However, the Court finds that Calkins's allegations supporting his claim for injunctive relief are not sufficient to establish he has standing to pursue this claim because Calkins does not describe how Greene's alleged actions caused him to suffer an injury. Accordingly, Greene's motion to dismiss is granted.

---

[8] *See Bresenham's Motion to Dismiss*, Document No. 47, Exhibit D (*Amended Order Appointing Temporary Administrator*); Exhibit E (*Order Making Permanent Appointment of Temporary Administrator*).

ii.    *Calkins's Claims Against Bresenhan and James*

Calkins contends Bresenhan violated and conspired to violate Calkins's constitutional rights by taking multiple actions as the temporary and permanent administrator of the Decedent's estate. Calkins contends James violated and conspired to violate Calkins's constitutional rights by taking multiple actions in the Probate Case as a private litigant. Bresenhan and James contend Calkins lacks standing.

As to Bresenhan, Calkins alleges Bresenhan (1) ordered an autopsy of the Decedent; (2) threatened to take possession of the property in the trust created by the Disputed Documents (the "Trust Property"); (3) intercepted mail "directed to 2521 Pelham and Calkins";[9] and (4) contacted another judge *ex parte*. The only injury Calkins alleges is that Bresenhan's actions in threatening to take possession of Trust Property violated his property rights. It is undisputed that the only action Bresenhan took in regards to the Trust Property was to send Calkins a letter, threatening to attempt to take possession of the Trust Property. Calkins alleges this letter was sent on March 30, 2016, and as of at least September 13, 2016, Bresenhan had taken no further action with regard to the Trust Property. It is also undisputed that James is challenging Calkins's rights to the Trust Property in the

---

[9] *Calkins's Amended Complaint for Declaratory, Injunctive, and Monetary Relief*, Document No. 30, ¶ 39.

Pending Lawsuit. The Court therefore finds that Calkins's claims regarding his alleged property rights are not ripe. Calkins does not otherwise establish how Bresenhan's alleged actions caused Calkins a constitutional injury. As to James, Calkins's allegations are all based on James's actions as a private litigant. Calkins fails to demonstrate how any of James's alleged actions caused Calkins a constitutional injury. Calkins therefore does not have standing to bring his claims against Bresenhan and James.

The Court also notes that "[s]ection 1983 affords relief only for conduct committed by persons acting under color of state law." *Hagerty*, 749 F.2d at 220. Calkins's allegations against Bresenhan are all based on actions Bresenhan took as the temporary or permanent administrator of the Probate Estate and do not therefore establish that Bresenhan acted under the color of state law. *See Dickinson v. Hicks*, No. 3–10–CV–1789–G–BD, 2010 WL 4627803, at *1 (N.D. Tex. Oct. 12, 2010) (Kaplan, J.) ("Executors and administrators do not act under color of state law by virtue of their role in state probate proceedings." (citing *Hagerty*, 749 F.2d at 220–21)); *Goynes v. Goynes*, No. 13–5398, 2013 WL 5561773, at *1 (E.D. La. Oct. 8, 2013) (Zainey, J.) (recognizing that a private individual does not act under color of state law when acting as executor or administrator of an estate). Calkins's allegations against James are all based on James's actions as a private litigant and do not therefore establish James acted under the color of state law. *See*

*McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992) (holding that a private litigant does not engage in state action merely by using state courts). Calkins has not therefore established that Bresenhan or James were state actors. Finally, because the Court has determined that each state action alleged to have harmed Calkins is immune, Calkins's conspiracy claims against Bresenhan and James are not actionable. *See Hale v. Towney*, 45 F.3d 914, 920 (5th Cir. 1995). Accordingly, Bresenhan and James's respective motions to dismiss are granted.

C.      *The Remaining Claims*

When federal claims that serve as the basis of a court's subject matter jurisdiction are dismissed and only state law claims remain, a district court has broad discretion to remand the state law claims. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction . . . if the district court has dismissed all claims over which it has original jurisdiction."); *see also Brookshore Bro. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). Having dismissed all of Calkins's § 1983 claims—the only federal law claims in this case—the Court declines to exercise supplemental jurisdiction and remands all pending state law claims in this case back to state court.

## IV.  CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Third-Party Defendant Guy Herman's Motion to Dismiss & Motion for Judgment on the Pleadings, Both Regarding Calkins's Amended Complaint (Document No. 45) is **GRANTED**. The Court further

**ORDERS** that Bresenhan's Motion to Dismiss (Document No. 47) is **GRANTED**. The Court further

**ORDERS** that Third-Party Defendant Michael Wood and Third-Party Defendant Christine Butts' 2nd Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6) and Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (Document No. 48) is **GRANTED**. The Court further

**ORDERS** that Plaintiff and Counter-Defendant Carolyn James's Motion to Dismiss Pursuant to Rule 12(b)(1) and Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (Document No. 53) is **GRANTED**. The Court further

**ORDERS** that Third-Party Defendant Ann Greene's Motion to Dismiss and Motion for Judgment on the Pleadings (Document No. 66) is **GRANTED**. The Court further

**ORDERS** that all remaining claims in this case are hereby remanded back to the 61st District Court of Harris County, Texas. ·

SIGNED at Houston, Texas, on this __27__ day of September, 2017.


DAVID HITTNER
United States District Judge